UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

JOHAN SOSA, on behalf of himself and others similarly situated,

    Plaintiff,

vs.

**COLLECTIVE ACTION COMPLAINT**

BRASSERIE CENTRAL, LLC, a Florida limited liability company, and PASCAL OUDIN, an individual,

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiff JOHAN SOSA ("PLAINTIFF" or "SOSA"), by and through undersigned counsel, on his own behalf and on behalf of those similarly situated, who was an employee of Defendants BRASSERIE CENTRAL, LLC, a Florida limited liability company ("BC"), and PASCAL OUDIN, an individual ("OUDIN"), (together, "DEFENDANTS"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

I.    **NATURE OF THE CASE**

1. To the best of Plaintiff's knowledge or belief, for at least the last three years prior to the filing of this action, pursuant to 29 U.S.C. § 201, *et seq* (hereinafter, the "Relevant Time Period"), Defendants claimed the tip credit to pay servers, who served food and beverages to

1

Defendants' customers, at an hourly wage rate below the minimum and overtime wage although (1) servers were forced to share a portion of their tips directly or indirectly with non-tipped empoyees (kitchen expediters who did not have more than *de minimis* contact with guests) for Defendants' benefit, and (2) servers were suffered or permitted to work off-the-clock and/or without being properly compensated. By failing to satisfy the requirements of 29 U.S.C. § 203(m) during the Relevant Time Period, Defendants were not eligible to claim the tip credit and were required to pay their servers the full minimum and overtime wage required under Federal and Florida law.

2. Thus, this action is brought pursuant to the FLSA for unpaid minimum wage compensation and unpaid overtime wage compensation, free and clear, liquidated damages, and other relief.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

## II.   JURISDICTION AND VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because many of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff's federal question claims.

## III.   PARTIES

6. Plaintiff JOHAN SOSA ("SOSA") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. He was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).  Plaintiff consents to participate in this lawsuit.

2

7. Defendant BRASSERIE CENTRAL, LLC, ("BC") is a Florida limited liability company that owns and operates the Brasserie Central restaurant located at 320 San Lorenzo Avenue, Coral Gables, Miami-Dade County, Florida.

8. Defendant PASCAL OUDIN ("OUDIN"), an individual and *sui juris*, was the sole owner and manager of BC, which is the entity which owns the Brasserie Central restaurant at which Plaintiff and Class Members worked. OUDIN was a corporate officer with operational control of the corporation's covered enterprise. OUDIN acted directly and indirectly in the interest of the named entities in relation to Plaintiff and Class Members and was involved in their day-to-day operations. OUDIN had the power to hire and fire employees, to supervise or control employee work schedules or conditions of employment, he determined the rate and method of payment, and maintained employee records, thereby making Defendant PASCAL OUDIN an employer pursuant to 29 USC § 203(d).

## IV.   FLSA COVERAGE

9. During all material times, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. § 203(r) and 203 (s), in that Defendants engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. During all material times, Defendant BC was an employer as defined by 29 U.S.C. § 203(d).

11. During all material times, Defendant OUDIN was an employer as defined by 29 U.S.C. § 203(d).

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

12. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiffs, and may be deemed to share control of the employees, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

13. During all material times, the joint enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. During all material times, the enterprise employed two or more people.

## V. FACTUAL ALLEGATIONS

15. Defendants operate the Brasserie Central restaurant located at 320 San Lorenzo Avenue, Coral Gables, Miami-Dade County, Florida.

16. SOSA worked as a server for Defendants from April 15, 2017, approximately to February 18, 2018.

17. During the Relevant Time Period (June 22, 2015 to June 22, 2018, approximately), the applicable Florida minimum wage was $8.05 per hour in 2015 and 2016, $8.10 per hour in 2017, and $8.25 per hour in 2018.

18. During the Relevant Time Period, the applicable minimum overtime wage was $12.075 per hour in 2015 and 201, $12.15 per hour in 2017, and $12.375 per hour in 2018.

19. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. The burden is on the employer to prove they are entitled to apply the tip credit.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

20. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips."  29 U.S.C. § 203(m).

21. In the instant case, Plaintiff, and those similarly situated ("Class Members"), were required to share their tips to non-tipped employees such as kitchen expediters who neither regularly and customarily received tips from guests nor had more than *de minimis* contact with guests.

22. In addition, Plaintiff and Class Members were suffered or permitted to work for Defendants without pay before clocking in for their server shift.

23. Plaintiff and Class Members were regularly suffered or permitted to work for Defendants without pay after clocking out for their server shift.

24. Plaintiff and Class Members were not properly compensated for all hours worked.

25. As a result of the illegal tip-sharing scheme and for not properly compensating Plaintiff and Class Members for all hours worked, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Periods and thus cannot apply Plaintiff and Class Members' tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff and Class Members the full minimum and overtime wage for all hours worked.

26. Because of the institution and maintenance of the illegal tip-sharing scheme, and for suffering or permitting Class Members to work without proper compensation Defendants willfully engaged in practices that denied Plaintiff and Class Members the applicable minimum and overtime wage under the FLSA.

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

27. The proposed class sought to be certified under 29 U.S.C. § 216(b) ("FLSA Class") is defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit, were paid as tipped employees and were (1) forced to share a portion of their tips with non-tipped employees and (2) were not properly compensated for all hours worked.

28. The precise size and identity of the classes can be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants and its related and affiliated entities.

29. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff seeks certification of collective action from this court, for himself and those similarly situated, pursuant to 29 U.S.C. 216(b).

31. Plaintiff and those similarly situated performed the same or similar jobs as one and another in that they were employed as servers in Defendants' restaurant.

32. Plaintiff and those similarly situated were subjected to similar pay provisions in that Defendants paid Plaintiff, and those similarly situated, below the minimum and overtime wage under the tipped employee exemption of 29 U.S.C. 203(m).

33. Plaintiff and those similarly situated were subjected to similar policies in that Defendants forced servers to share their tips with non-tipped employees such as kitchen expediters who neither regularly and customarily received tips from guests nor had more than *de minimis* contact with guests.

6

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

34. Plaintiff and those similarly situated were subjected to similar policies in that Defendants suffered or permitted them to work without proper compensation under the FLSA.

35. These policies or practices were applicable to Plaintiff and members of the collective action. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices apply to all members of the collective action. Accordingly, members of the collective action are properly defined as:

> All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit, were paid as tipped employees and were (1) forced to share a portion of their tips with non-tipped employees and (2) were not properly compensated for all hours worked.

36. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.,* (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

37. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay the full regular and overtime compensation with respect to Plaintiff and members of the collective action.

38. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of forcing Plaintiff and those similarly situated to participate in an illegal tip-sharing scheme, in which their tips were shared with non-tipped employees such as kitchen expediters who neither regularly and customarily received tips from guests nor had more than *de minimis* contact with guests.

39. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of suffering or permitting Plaintiff and those similarly situated to work without being properly compensated under the FLSA.

40. Defendants violated § 207(a)(l) and § 2l5(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for one or more workweeks without compensating such employees for their work at the minimum wage rate for all regular hours worked and at the overtime rate of time-and-one-half for all hours worked in excess of 40 hours in a work week.

41. Defendants did not provide Plaintiff with the requisite notice for instituting the tip credit under the FLSA.

42. Thus, Defendants acted willfully by failing to pay Plaintiff, and those similarly situated, in accordance with the law.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*

43. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 42 as though set forth fully herein and further alleges as follows:

44. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which they were forced to share their tips with non-tipped employees.

45. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work hours without proper pay.

46. Defendants did not provide Plaintiff, and those similarly situated, with the requisite notice for instituting the tip credit under the FLSA.

47. By forcing Plaintiff to share his tips with non-tipped employees, and for suffering or permitting him to work without being properly paid for all hours worked, Defendants cannot claim the tip credit and therefore owe Plaintiff, and those similarly situated, the full minimum wage for each hour worked up to forty hours in a week.

   WHEREFORE, Plaintiff JOHAN SOSA, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff, and those similarly situated, for payment of all hours worked up to forty hours per week at the full minimum wage;

   b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked up to forty hours per week at the full minimum wage or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## **FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201,** *et seq*

48. Plaintiff, on behalf of himself and those similarly situated, reincorporates and re-alleges paragraphs 1 through 42 as though set forth fully herein and further alleges as follows:

49. Defendants willfully and intentionally forced Plaintiff, and those similarly situated, to participate in an illegal tip-sharing scheme in which they were forced to share their tips with non-tipped employees.

50. Defendants willfully and intentionally suffered or permitted Plaintiff, and those similarly situated, to work hours without proper pay.

51. Defendants did not provide Plaintiff, and those similarly situated, with the requisite notice for instituting the tip credit under the FLSA.

52. By forcing Plaintiff to share his tips with non-tipped employees, and for suffering or permitting him to work without being properly paid for all hours worked, Defendants cannot claim the tip credit and therefore owe Plaintiff, and those similarly situated, the full overtime wage for each hour worked in excess of forty hours in a week.

WHEREFORE, Plaintiff JOHAN SOSA, on behalf of himself and those similarly situated, demands judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Award to Plaintiff, and those similarly situated, for payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times their regular rate of pay;

   b) Award to Plaintiff, and those similarly situated, liquidated damages equal to the payment of all hours worked in excess of forty hours per week at the rate of one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

   c) Award to Plaintiff reasonable attorneys' fees and costs; and

   d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## <u>DECLARATION OF RIGHTS</u>

53. Plaintiff reincorporates and re-alleges paragraphs 1 through 42 as though set forth fully herein and further alleges as follows:

10

54. Plaintiff, and those similarly situated, and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331. The Court also has jurisdiction over Plaintiff's, and those similarly situated, request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

55. Defendants did not rely on a good faith defense in not paying Plaintiff, and those similarly situated, the applicable minimum and overtime wage under the FLSA.

56. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

57. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff, and those similarly situated, from Defendants, now and in the future.

WHEREFORE Plaintiff JOHAN SOSA, on behalf of himself and those similarly situated, demands entry of judgment in his favor and against Defendants, jointly and severally, as follows:

   a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

   b) Enjoin Defendants from further violations of the FLSA;

   c) Award Plaintiff reasonable attorneys' fees and costs;

   d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 25th day of June, 2018.

11

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 25, 2018**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.

### SOSA, et al v. BRASSERIE CENTRAL, LLC and PASCAL OUDIN
### CASE NO.

### Service List

**Robert W. Brock II, Esq.**
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
Primary Email: robert@kuvinlaw.com
Secondary Email: legal@kuvinlaw.com
*Attorney for Plaintiff*

12

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808